# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TED A. MCCRACKEN | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 08-2931 |
| | : | |
| ALLSTATE INSURANCE COMPANY et al. | : | |
|     Defendants. | : | |

**Goldberg, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**November 19, 2009**

## MEMORANDUM OPINION

This case stems from Plaintiff's claim that he contracted thyroid cancer from radiation exposure while driving in vehicles that were allegedly insured by Defendant insurance providers. Plaintiff has sued Progressive Insurance Company ("Progressive"), Allstate Insurance Company ("Allstate"), and McCool Insurance Agency, an insurance agent for Allstate ("McCool") (collectively, "Defendants"). This is not the first time Plaintiff has raised these types of claims[1] and we recently dismissed a similar lawsuit wherein Plaintiff had sued numerous gasoline companies raising similar theories of liability.[2]

---

[1] See <u>McCracken v. ConocoPhillips Co.</u>, 2009 WL 1911764 (E.D. Pa. July 9, 2009) <u>McCracken v. Daimler Chrystler Motors Co. LLC</u>, 2009 WL 1213481 (E.D. Pa May 4, 2009); <u>McCracken v. Ford Motor Co.</u>, 588 F.Supp.2d 635 (E.D. Pa. Nov. 3, 2008); <u>McCracken v. Exelon Corp.</u>, Civil Action No. 07-CV-2038 (E.D.Pa.).

[2] <u>McCracken v. Exxon/Mobil Co.</u>, Civil Action No. 07-CV-2932, doc. no. 58 (E.D.Pa. 2009).

1

Defendants Allstate and McCool have filed a Motion to Dismiss, which generally asserts that Plaintiff has failed to properly state a cause of action. Defendant Progressive has sought dismissal on similar grounds. Defendant McCool also claims that the Complaint should be dismissed due to lack of personal jurisdiction (doc. nos. 9, 17).

After examining the individual counts in detail, we will grant Defendants' Motions to Dismiss.

## I. **Background**

Plaintiff, Ted. A. McCracken, filed this pro se Complaint on July 9, 2008. He claims to have purchased automobile liability insurance from Defendants Allstate and Progressive and mobile home insurance from Defendant Allstate, which insured him against physical injury sustained while driving his motor vehicles and dwelling in his mobile home. Plaintiff alleges that he developed thyroid cancer and other physical ailments in 2005 based on exposure to increased levels of radiation that existed when driving in his insured vehicles. Although the Complaint never alleges that he submitted any type of insurance claims with Defendants, Plaintiff seeks payment of medical expenses related to his thyroid cancer and compensatory damages from Defendants. (See generally, Pl.'s Compl.)[3]

As set forth above, there are two separate bases for dismissal of the Complaint: 1) Failure to state a claim; and 2) as it relates to Defendant McCool - lack of personal jurisdiction. We address each in turn below.

---

[3] Depending on where one looks in the Complaint, Plaintiff is seeking $1,500,000 (Compl., ¶ 18), $1,000,000,000 (Compl., ¶ 12) or $5,000,000 (Compl., ¶ 15) from Defendant Allstate and $5,000,000 from Defendant Progressive (Compl., ¶ 21) in compensatory damages.

## II. Failure to State a Claim - Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Fed. R. Civ. P. 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." According to the Supreme Court, the Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)). The Iqbal Court recently summarized the pleading standard established in Twombly:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 129 S.Ct. at 1949 (citations omitted).

The Iqbal Court articulated two principles that underlie Twombly's holding. First, a court must accept as true all of the factual allegations made in a pleading, but not the legal conclusions. Id. Second, only a complaint that states a "plausible claim for relief survives a motion to dismiss." Id. at 1950. Determining plausibility is a "context specific task." Id. In short, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." Id. (citations omitted). The Third Circuit has found that in light of Twombly, it is no longer sufficient to make

an unsupported statement asserting an entitlement to relief; instead a complaint must state a claim and the grounds supporting the claim. Phillips v. County of Allegheny, 515 F.3d 224, 233-34 (3d Cir. 2008) (citing Twombly, 127 S.Ct. at 1969, n.8).

### A. Auto Insurance Liability (Count II - Allstate and McCool, Count IV - Progressive)

Plaintiff demands medical expenses, lost wages and compensatory damages from Allstate and Progressive under several automobile insurance policies. Defendants argue that "in order for Plaintiff to recover under an automobile insurance policy, Plaintiff must allege an injury arising out of the maintenance or use of the motor vehicle and not arising from an instrumentality or external force other then the motor vehicle itself." (Mot. of Defs. Allstate and McCool to Dismiss, p. 4).

More specifically, Plaintiff alleges that he purchased an auto insurance policy from Allstate in 2001 and from Progressive "on or about January 2001 through until [sic] 2008." (Compl., ¶¶ 14, 19.) He claims the policies insured against physical injury sustained while driving his motor vehicles. (Compl., ¶¶ 14, 19.) Plaintiff claims that the proximate cause of his contracting thyroid cancer and other maladies was exposure to radiation while driving the insured vehicles. (Compl., ¶¶ 15, 19.) Thus, he seeks payment from Defendants for "contractual obligations" and compensatory damages for injuries incurred while driving his vehicle between 2001 and 2005, including "medical/hospitalization/surgery, loss of wages incurred by plaintiff including heightened probability of contracting lymphoma or other fatal disease and with lower mortality." (Compl., ¶¶ 15, 21.)

Defendants assumed in their Motions to Dismiss, and Plaintiff confirmed in his Response, that he is seeking recovery of first-party medical bills and lost wages pursuant to § 1712 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"). 75 Pa.C.S. § 1712 (2002).

In order to recover first-party benefits, the insured individual must suffer injury "arising out of the maintenance or use of a motor vehicle." Id. at § 1713(a). To determine whether the injury in question arises out of the maintenance and use of the vehicle, the court must conduct a "causation analysis." McCleester v. State Farm Mutual Automobile Insurance Co., 2009 WL 3182047 at *4 (M.D.Pa. Sept. 30, 2009). The analysis requires the court to identify the "instrumentality" that caused the injury. Id. "The vehicle must be more than merely incidental to the injury-it must be the instrumentality which caused the injury." Id. at *5 (citing Am. Nat'l Prop. & Cas. Co. v. Terwillinger, 2007 WL 433180, at *2 (W.D.Pa. Feb. 7, 2007)). A determination that the harm was caused by "an instrumentality or external force other than the motor vehicle itself will defeat a claim that the vehicle contributed to the cause of the injuries." Lucas-Raso v. American Manuf. Ins. Co., 441 Pa. Super. 161, 166, 657 A.2d 1, 2 (1995) (citing Erie Insurance Exchange v. Eisenhuth, 305 Pa. Super. 571, 451 A.2d 1024 (1982)).[4]

Here, Plaintiff alleges that his injury resulted from radiation exposure. He claims "the proximate cause of [] contracting thyroid cancer was exposure to ionizing gamma radiation while driving [] vehicles [] insured by Defendants." (Compl., ¶15.) Plaintiff does not allege that the radiation came from the vehicle. Rather, he alleges that the radiation that caused his cancer was in

---

[4] In Alvarino v. Allstate Insurance Co., 370 Pa. Super. 563, 568, 537 A.2d 18, 21 (1988), the Pennsylvania Superior Court found the plaintiff's injuries were not connected to the motor vehicle where he suffered a dog bite while riding inside a van. Likewise, in Roach v. Port Auth. of Allegheny Cty., 380 Pa. Super. 28, 550 A.2d 1346, 1350 (1988), where the plaintiff was injured during a fight between two other passengers on a bus, the court found that the plaintiff's injuries did not arise out of the maintenance or use of a vehicle.

the ambient air because of nuclear power plants.[5] (Compl., ¶ 6.) As a vehicle was not the "instrumentality" that caused Plaintiff's injuries, his claims are dismissed for failing to state a claim that entitles him to benefits under any automobile insurance policy.

### B. Mobile Home Insurance Liability (Counts I and III - Allstate)

Plaintiff alleges he purchased mobile home insurance from Allstate effective for one year from "about January 1, 1975 through January 1, 1976." (Compl., ¶ 17.) He further alleges that Allstate's policy protected him from injury occurring while dwelling in the mobile home "including radiation exposure." (Compl., ¶ 18.) Although Plaintiff acknowledges that medical coverage was limited to $25,000, he is also seeking $1,500,000 in compensatory damages. (Compl., ¶ 18.) In support of this request, it appears that Plaintiff is again claiming he suffered physical injuries as a result of "toxic radiation exposure while dwelling in his mobile home." (Compl., ¶ 18.)

Plaintiff does not, however, allege that the radiation which caused his illness came from the mobile home. As noted above, Plaintiff alleges that the radiation is caused by nuclear generating facilities and laboratories. Additionally, Plaintiff alleges that he purchased the insurance in 1975 and that it ran until 1976 (or 1977 at the latest). Yet, elsewhere he alleges that he contracted thyroid

---

[5] To be more precise, Plaintiff begins his analysis by citing to a portion of the "Merck Manual of Diagnosis and Therapy," which states that thyroid tumors develop in people exposed to large amounts of radiation occurring in nuclear radiation accidents. (Pl.'s Mem. In Support of Opp. To Defs.' (Allstate & McCool) Mot. To Dismiss, Intro.) He then references the effect of radioactive fallout in Chernobyl where there is a high incidence of thyroid cancer. Id. Next Plaintiff informs us that gamma radiation exists in the ambient air "in sufficient quantities to cause plaintiff's injuries." Id. Plaintiff next refers to the nuclear generating facilities in the United States, presumably to show the source of the radiation in the ambient air. Id. It is from there that the Court is expected to conclude that he contracted thyroid cancer from radiation he was exposed to while driving his car. (The court notes that the Plaintiff seems to state in this explanation that the radiation levels in the ambient air are sufficient to have caused his cancer.)

cancer in "2001-2005."  (Compl., ¶21.)

While Plaintiff need not prove his case at this point, these claims fail the Fed. R. Civ. P. 8(a)(2) pleading requirement, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949 (2009).  As Plaintiff does not raise a proper claim of entitlement to relief, this claim will also be dismissed.

### III.  Personal Jurisdiction - Defendant McCool

While it is somewhat difficult to discern what cause of action Plaintiff is alleging against Defendant McCool, it appears that Plaintiff is claiming damages from McCool under Count II. Before addressing McCool's request for dismissal for lack of personal jurisdiction, we first note that based on the pleading principles set forth above, Plaintiff has not set forth sufficient claims against McCool.

A District Court can assert personal jurisdiction over a non-resident "to the extent allowed by the law of the state in which it sits."  Fed. R. Civ. P. 4(e); Stevens v. Meaut, 264 F.Supp.2d 226, 229 (E.D.Pa. 2003) (citing Time Share Vacation Club v. Atlantic Resorts, 735 F.2d 61, 63 (3d Cir. 1984)).  Under Pennsylvania law, a court may exercise personal jurisdiction over a non-resident defendant based on defendant's general or specific contacts with the forum state.  42 Pa.C.S.A. §§ 5301, 5322.

The defendant has the burden of raising the lack of personal jurisdiction defense.  Once the defense is raised, the burden shifts to the plaintiff to establish jurisdiction. Cumberland Truck Equip. Co. v. Detroit Diesel Corp., 401 F.Supp.2d 415, 418 (E.D.Pa. 2005) (internal citations omitted). The plaintiff must sustain its burden of proof "through affidavits, and competent evidence" showing that

the defendants have sufficient contacts with the forum state to establish personal jurisdiction. Stevens, 264 F.Supp.2d at 229 (citing Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996), cert. denied, 519 U.S. 1028, 117 S.Ct. 583, 136 L.Ed.2d 513 (1996)). These contacts must be established with reasonable particularity and not "general averments in the bare pleadings." Id. (internal citations omitted). A court must accept the plaintiff's alleged facts as true and "must draw all reasonable inferences and resolve all factual disputes in the plaintiff's favor." Cumberland Truck Equip. Co., 401 F.Supp.2d at 418 (internal citations omitted).

A District Court can exercise general jurisdiction over a non-resident defendant where the plaintiff can demonstrate that the defendant has had "continuous and systematic contacts" with the forum state. 42 Pa.C.S.A. § 5301(a); Stevens, 264 F.Supp. at 229 (citing Gen. Elec. Co. v. Deutz Ag, 290 F.3d 144, 150 (3d Cir. 2001)). Alternatively, under Pennsylvania's long arm statute, to establish specific jurisdiction, the plaintiff must demonstrate that the defendant has had "minimum contacts" with the forum state. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at 255 (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). A court can, therefore, appropriately exercise specific jurisdiction only if the cause of action is based upon the "defendant's forum related activities, such that the defendant 'should reasonably expect being haled into court' in that forum." Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151 (3d Cir. 1996) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559,

62 L.Ed.2d 490 (1980)). A single business transaction in the absence of purposeful and continuous business activity in Pennsylvania is insufficient to establish specific jurisdiction. Kenny v. Alexson Equipment Co., 495 Pa. 107, 126; 432 A.2d 974 (1981).

Plaintiff alleges that on or about January 1, 1998, he purchased an auto liability policy on three vehicles from McCool, located in Elkton, Maryland. Plaintiff fails to allege any further contact between McCool and Pennsylvania. Plaintiff has not shown McCool had any contact, and certainly not "continuous and systematic contacts" with Pennsylvania, as required by 42 Pa.C.S.A. § 5301(a). This Court, therefore, does not have general jurisdiction over McCool. Further, this Court does not have specific jurisdiction over McCool as Plaintiff has not shown that McCool purposefully availed itself of the privilege of conducting activities within Pennsylvania. Remick, 238 F.3d at 255 (quoting Asahi Metal Indus. Co., 480 U.S. at 109). For these additional reasons, the Complaint is dismissed against Defendant McCool under Fed. R. Civ. P. 12(b)(2).

Our Order follows.